Military pay; discharge for medical unfitness; Military Academy cadet; medical fitness standards. — On September 10,1976 the court entered the following order:
Before Cowen, Chief Judge, Davis and Bennett, Judges.
“Plaintiff was inducted into the Army in July 1973 and at the same time appointed to be a cadet at West Point. Prior to that, he was examined medically and determined by the Army to be fit for service. His own papers did not indicate that he had any disqualifying disease or defect. Shortly after he commenced training at the Academy in July 1973, he needed medical attention for symptoms which included dizziness, fatigue and weakness. This was repeated at least twice until he was admitted to the hospital for a prolonged stay early in October. At that time he was diagnosed, after further tests, as having sickle thalassemia, a form of permanent anemia which is congenital. A medical board recommended his discharge from the Academy and the Army for medical unfitness. This was done in November 1973, and he was given an honorable discharge.
“This suit, filed in 1975, challenges the discharge on the grounds that (a) the Army knew or should have known of plaintiff’s physical condition before he was accepted for service and is therefore estopped from separating him after *304 he came to the Academy; (b) the Army employed the wrong regulation in separating him, and in any event misread the regulations; and (c) the plaintiff’s blood condition was not so severe as to render him ineligible for service, and therefore the separation was arbitrary and capricious. Both parties have moved for summary judgment, but oral argument is deemed unnecessary.
“The documentation supplied by the parties, including communications from plaintiff’s private physicians, make it absolutely clear that plaintiff did in fact suffer, when he was discharged, from the congenital blood ailment of sickle thalassemia. That documentation also demonstrates that the Army’s medical officers did not know this when they accepted him for entrance into the Academy and that they were not put sufficiently on notice by any of the medical information available to them, including the material furnished by plaintiff and his own doctors. The most that was known was that plaintiff had sickle cell trait; the mere presence of that factor was not enough to require the Army to disqualify him. The Army did seek further information from Gatson’s private doctor but was never given any information of a disqualifying nature. It follows that on this record the court need not even reach the claim that the defendant was legally estopped; even if that principle could be applicable to this kind of case, the necessary factual prerequisite is missing.
“Plaintiff’s second point is that, though his discharge was processed under Chapter 2 (“Medical Fitness Standards for Appointment, Enlistment, and Induction”) of AB 40-501, it should have been done under Chapter 3 (“Medical Fitness Standards for Betention, Promotion and Separation Including Betirement”) which has generally more lenient qualifications. The persuasive answer is given in an affidavit by Colonel McCabe, Surgeon at the Academy at the time of Gatson’s discharge. This affidavit says:
When a cadet has entered the Military Academy and a medical disqualification is diagnosed, a determination must be made whether disqualifications of Chapter 2 or Chapter 3 of AB 40-501 apply. In October 1973 as Surgeon USMA, I had discretion under paragraph 2-2 (e), AB 40-501 to recommend, that Chapter 3 disqualifi *305 cations apply in any given case. Chapter 3 disqualifications were usually reserved for cadets, who had spent some years at the Academy and in whom the government had invested much time and money. Because Chapter 3 standards are more lenient generally, we could retain these people and have them fulfill their commitments to the government. Chapter 2 disqualifications were normally applied to retention of cadets in whom little time and investment had been expended by the government. Chapter 2 applies in every case of retention of cadets except for those cadets whose conditions are diagnosed post entrance and for whom Chapter 3 disqualifications are recommended by the Surgeon TJSMA. Thus there are conditions diagnosed post entrance for which Chapter 2 will apply.
In André Gatson’s case a determination was made that Chapter 2 should apply because his condition (sickle thalassemia) was diagnosed post entrance and Chapter 3 retention disqualifications were not deemed suitable in view of his short time at the Academy and the nature of his condition.
Colonel McCabe adds that, if he had chosen to recommend Chapter 3 standards, Gatson would nevertheless have been medically disqualified for retention because he had the disqualifying defect of anemia. Plaintiff’s contention that in any event the regulations must be read, once a cadet enters on duty, to permit his discharge for medical reasons without his consent only if the medical problem arose subsequent to the appointment cannot be squared with the wording of the regulations or with the obvious need to separate a cadet whose disqualifying disease did not happen to be detected in the pre-induction physical examination.
“As for the third point, we cannot say that the Army acted arbitrarily or capriciously in separating a cadet who had sickle thalassemia, a permanent form of anemia, which had obviously manifested itself during his initial period of plebe training. Although plaintiff’s private physicians thought that he should nevertheless have been given an exception from disqualification, it is impossible for a court to say that the Army could not in its discretion make this disease a per se disqualifying defect, as it specifically did in Chapter 2 of AB 40-501. This is by no means a trivial defect, especially for an Army officer. There is, it may be added, no warrant *306 whatever in this record for even a suspicion that there was any other, ulterior, motive for the discharge.
“it is therefore CONCLUDED that defendant’s motion for summary judgment is granted, plaintiff’s cross-motion is denied, and the petition is dismissed.”